Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)
irvberg@comcast.net (e-mail)

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MYRNA M. ABAD, individually and on behalf of all others similarly situated,

Plaintiff,

v.

BRONSON & MIGLIACCIO, LLP; H. BRUCE BRONSON, JR., RICHARD J. MIGLIACCIO, and SCOTT B. WHEAT, individuals,

Defendants.

Case No.: CV 07 6497 MJJ

CLASS ACTION

COMPLAINT TO RECOVER DAMAGES FOR UNLAWFUL DEBT COLLECTION PRACTICES

DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1. This action is brought as a class action by Plaintiff MYRNA M. ABAD ("Ms. Abad") on behalf of herself and all others similarly situated, for statutory damages, attorney's fees and costs, for Defendants' violation of the anti-deceptive provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the California Rosenthal Act, Cal. Civ. Code § 1788 et seq. ("CA FDCPA").

## II. JURISDICTION AND VENUE

2. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C. §1331. Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

COMPLAINT TO RECOVER DAMAGES FOR UNLAWFUL DEBT COLLECTION PRACTICES

ABAD V. BRONSON & MIGLIACCIO, LLP, et al.

1

3.   Venue is proper in this court as all relevant events took place in this district.

### III. PARTIES

4.   Plaintiff, MYRNA M. ABAD ("Ms. Abad") is an individual who at all times relevant to this Complaint was a resident of San Mateo, California and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.   Defendant BRONSON & MIGLIACCIO ("B&M") is an attorney-collection firm engaged in debt collection, with a mailing and street address of 415 Lawrence Bell Drive, Williamsville, NY 14221. B&M is engaged in the collection of debts using the mail and telephone. It regularly attempts to collect debts alleged to be due to another, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6.   Defendants H. BRUCE BRONSON, JR.; RICHARD J. MIGLIACCIO, and SCOTT B. WHEAT (Individual Defendants") are attorneys employed by B&M. The Individual Defendants are engaged in the collection of debts using the mail and telephone. They regularly attempt to collect debts alleged to be due to another, and are "debt collectors" as defined by 15 U.S.C. § 1692a(6). B&M and the Individual Defendants are sometimes hereinafter collectively referred to as "B&M" or "Defendants."

### IV. FACTUAL ALLEGATIONS

7.   Defendant B&M, on its attorney's letterhead, sent an initial collection letter to Plaintiff in an attempt to collect a debt alleged to be due Midland Credit Management in the amount of $937.76. The original creditor was Tribute MasterCard, who issued Plaintiff a credit card that was used to purchase goods and services for Plaintiff's personal and household needs. The collection letter is attached hereto as Exhibit A. The letter is undated. Plaintiff received the letter sometime in November, 2007. Plaintiff believes the letter was sent by Defendants shortly before Plaintiff received the letter.

8.   The collection letter, Exhibit A, *inter alia*, represented that B&M was retained to collect the debt owed by Plaintiff to Midland Credit.

9.   The signature line of the collection letter is signed with the facsimile signature of

1  Scott Wheat, who is identified as an attorney by an asterisk after his name referring to attorney
2  licenses identified on the right top of the letter.
3       10.   Plaintiff alleges, on information and belief, that before the collection letter,
4  Exhibit A to the Complaint, was sent to Ms. Abad, none of the Defendants signed the letter or
5  reviewed a loan file to determine if Ms. Abad was liable on the alleged debt. Plaintiff further
6  alleges, on information and belief, that no attorney had any direct personal involvement in the
7  decision to send the collection letter to Ms. Abad.
8       11.   Exhibit A is a form letter, as evidenced by the letters "D M I C A 2006" at the
9  upper left corner of Exhibit A and the bar code with #289 at the upper right corner of Exhibit A.
10      12.   The introductory paragraph of the collection letter states:
11           **This office has been retained to collect the debt owed by you to
             Midland Credit Management. This is a demand for payment
12           in full.**
13      13.   The implication to the least sophisticated consumer is that the letter from
14  Defendant attorneys is structured to scare the consumer into thinking that, if she didn't pay the
15  debt in full, litigation would ensue. That representation is false, as the Defendants are not
16  licensed to practice law in California.
17      14.   It is the policy and practice of Defendants to use false, deceptive, and misleading
18  tactics when attempting to collect actual and alleged debts incurred for personal, family, or
19  household purposes.

20                          **V. CLASS ALLEGATIONS**

21      15.   This action is brought as a class action. The class consists of (i) all persons with
22  mailing addresses in the State of California (ii) to whom collection letters in the form represented
23  by Exhibit A (iii) were sent by B&M and the Individual Defendants in an attempt to collect a
24  debt arising out of a transaction in which the goods or services subject of the transaction were
25  primarily used for personal, family, or household purposes (iv) sent on or after a date one year
26  prior to the filing of this action (v) which letters were not returned undelivered by the United
27  States Postal Service.
28  COMPLAINT TO RECOVER DAMAGES FOR                   ABAD V. BRONSON & MIGLIACCIO, LLP,
    UNLAWFUL DEBT COLLECTION                           et al.
    PRACTICES                           3

16. Plaintiff alleges on information and belief based on Defendant's use of form letters that the class is so numerous that joinder of all members is impractical.

17. There are questions of law and fact common to the class, which common questions predominate over any questions involving only individual class members. The principal question is whether Defendant's letter in the form of <u>Exhibit A</u> violates the FDCPA. at 15 U.S.C. §§ 1692e, 1692e(3), 1693e(5), 1692e(10), and 1692f.

18. Ms. Abad's claims are typical of the class members. All are based on the same facts and legal theories.

19. Ms. Abad will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling class actions involving unlawful practices under the FDCPA and CA FDCPA. Neither Plaintiff nor her counsel has any interests which would cause them not to vigorously pursue this action.

20. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

    (1) The questions of law or fact common to the members of the class predominate over any questions affecting only individual members.

    (2) A Class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

22. Ms. Abad requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

### VI. FIRST CLAIM FOR RELIEF
(Violation of the FDCPA)

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

COMPLAINT TO RECOVER DAMAGES FOR UNLAWFUL DEBT COLLECTION PRACTICES     ABAD V. BRONSON & MIGLIACCIO, LLP, et al.

4

24. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

26. The above contacts by Defendants are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

27. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(5), 1692e(10), and 1692f, as evidenced by the following conduct:

   A. engaging in conduct that was false, deceptive, and misleading, by representing that the collection letter was sent by attorneys when no attorney had any meaningful involvement in the decision to send the letter;

   B. engaging in conduct that was false, deceptive, and misleading, by the implied threat that litigation would be brought against Plaintiff, though none of the Defendants are licensed to practice law in California;

   C. engaging in unlawful and unconscionable conduct in using law office letterhead to scare the Plaintiff into thinking that, if the debt was not paid in full, litigation would ensure.

## VI. SECOND CAUSE OF ACTION
(Violation of the CA FDCPA)

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. The conduct of Defendants in violation of the FDCPA is made a violation of California law pursuant to Cal. Civ. Code § 1788.17, which provides:

> **Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in section 1692k of Title 15 of the United States Code.**

COMPLAINT TO RECOVER DAMAGES FOR　　　　ABAD V. BRONSON & MIGLIACCIO, LLP,
UNLAWFUL DEBT COLLECTION　　　　　　　　　et al.
PRACTICES　　　　　　　　　　　5

## VII. REQUEST FOR RELIEF

30. As a result of the Defendants' violation of the FDCPA and CA FDCPA, Defendants are liable to Plaintiff and the class for statutory damages, attorney's fees, and costs as hereafter prayed.

WHEREFORE, Plaintiff Myrna M. Abad, on behalf of herself and all others similarly situated, requests of this Court the following monetary and equitable relief.

A. An Order certifying that the action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and Plaintiff's undersigned counsel to represent the Class.

B. Pursuant to 15 U.S.C. § 1692k(a)(B), statutory damages against Defendants B&M and the Individual Defendants of (a) $1,000.00 for the named Plaintiff and (b) a sum not to exceed the lesser of $500,000.00 or 1 per centum of the net worth of each Defendant for all other class members, and an additional equal amount as provided by Cal. Civ. Code § 1788.17;

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

D. For such other relief as the Court may find to be just and proper.

## IX. JURY DEMAND

Plaintiff Myrna M. Abad hereby demands that this case be tried before a jury.

Dated: 12·27·07

Irving L. Berg
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

ATTORNEY FOR PLAINTIFF

# EXHIBIT A

DM1CA 2606

# Bronson & Migliaccio, LLP
## ATTORNEYS AT LAW
808 LANDMARK DRIVE SUITE 227, GLEN BURNIE, MD 21061-4985
TELEPHONE: 800-921-8660 FAX: 410-863-4629

 (#289)

Scott B. Wheat*

MYRNA M ABAD
363 Moana Pl
Pacifica CA 94044-2828

7

*Admitted in MD, NY, PA
Attorneys Licensed In:

| Arizona | North Carolina |
| California | Ohio |
| Connecticut | Pennsylvania |
| Florida | South Carolina |
| Illinois | Texas |
| Maryland | Tennessee |
| Massachusetts | Vermont |
| New Jersey | Virginia |
| New York | Washington |
| | Wisconsin |

RE: Creditor:           MIDLAND CREDIT MANAGEMENT
    Account No:         14728289071103702
    Original Creditor:  TRIBUTE MASTERCARD
    Current Balance:    $937.76

Dear MYRNA M ABAD,

This office has been retained to collect the debt owed by you to MIDLAND CREDIT MANAGEMENT. This is a demand for payment in full.

Unless you, the consumer, within thirty days after receipt of the notice, dispute the validity of the debt or any portion thereof, this office will assume this debt is valid.

If you, the consumer, notify us in writing within the thirty-day period that the debt, or any portion thereof, is disputed we will obtain verification of the debt or a copy of a judgment against you and a copy will be mailed to you by our office.

Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

Please call our office without delay. The toll free number is 800-921-8660.

Very truly yours,

Scott B Wheat

Scott Wheat, Esq.

**If you would like to make a payment online please go to www.BronsonandMigliaccio.com.**

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

The State Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MYRNA M. ABAD,

        Plaintiff (s),

v.

BRONSON & MIGILIACCIO,
        Defendant(s).

No. C 07-06497 MJJ

ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES

    IT IS HEREBY ORDERED that this action is assigned to the Honorable Martin J. Jenkins. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

    IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 12/28/2007 | Complaint filed | |
| 3/18/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 4/1/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R. 16-9 |
| 4/8/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm 11, 19th Floor, SF at 2:00 PM | Civil L.R. 16-10 |

\* If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

## STANDING ORDER

**JUDGE MARTIN J. JENKINS**
Courtroom 11, 19th Floor
Monica Narcisse, Courtroom Deputy
(415) 522-2123

All counsel are hereby ordered to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California.

1. **COURT DATES**: The Court will hear the following matters on the following days and times:

    a. Civil Law and Motion Calendar is heard on **Tuesday at 9:30 a.m.**
    b. Criminal Calendar is heard on **Thursday at 2:00 p.m.**
    c. Criminal Calendar in Oakland is heard on **Friday at 2:30 p.m.**
    c. Case Management/Status Conferences are held on **Tuesday at 2:00 p.m.**
    d. Civil Pretrial Conferences are held on **Tuesday at 3:30 p.m.**

2. **MOTIONS:** Motions shall be filed and set for hearing in accordance with Civil Local Rule 7 and this Court's Standing Order. Motions shall not be noticed for hearing on a Tuesday following an official court holiday that falls on a Monday. Pursuant to Civil Local Rule 7-1(b), the Court may, in its discretion, adjudicate motions without oral argument. An opposing party's failure to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of said motion.

3. Before appearing for a matter before this Court, all parties shall check the Court's calendar at www.cand.uscourts.gov to confirm that their matters are still on calendar.

4. **PROPOSED ORDERS**: Each party filing or opposing a motion shall also serve and file a proposed order, which sets forth the relief the party requests the Court to adopt. The proposed order shall include the following subsections: Background, Legal Standard, Analysis and Conclusion, and shall include a level of detail reciting the rationale of the decision, including factual background and citations to authority.

5. **SUMMARY JUDGMENT/ADJUDICATION:** All summary judgment/adjudication issues shall be contained within a single motion of twenty-five (25) pages or less. Parties shall not file multiple or seriatim motions for summary judgment /adjudication without prior leave of the Court. Pursuant to Civil Local Rule 56-2, in any pending motion for summary judgment/adjudication, the parties are ordered to meet, confer and submit, on or before ten (10) court days prior to the date of the hearing, a joint statement of undisputed facts. Only one joint statement of undisputed facts, signed by all parties, should be filed.

6. **CHAMBERS COPIES:** Pursuant to Civil Local Rule 5-1(b), counsel shall submit an extra copy of any document filed with the Court, marked by counsel as a copy for "Chambers." Chambers copies shall be submitted of any electronically filed document ten (10) pages or more in length. However, Chambers copies shall be submitted of *any* document (e-filed or otherwise) containing attachments, regardless of the number of pages. Counsel filing a document under seal pursuant to a protective order shall submit a complete Chambers copy of said document, even if only a portion of the document is confidential, indicating which portions of the document are covered by the protective order. Parties are required to familiarize themselves and comply with this Court's separate "Standing Order for Cases Involving Sealed or Confidential Documents."

7. **MISCELLANEOUS ADMINISTRATIVE REQUESTS AND *EX PARTE* APPLICATIONS:** All miscellaneous administrative requests and *ex parte* applications are considered on the papers and may not be set for a hearing. Counsel are advised that this Court allows *ex parte* applications solely for extraordinary relief and that sanctions may be imposed for misuse of *ex parte* applications.

8. **CONTINUANCES:** Counsel requesting a continuance of any conference, hearing, deadline, or other procedural changes, must submit a stipulation with a detailed declaration as to the reason for the requested continuance or extension of time. Continuances will be granted only upon a showing of good cause, particularly focusing upon evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied.

   Except in extraordinary circumstances, stipulated changes to the briefing schedule or hearing date for a motion must be filed not less than fourteen (**14**) days prior to any affected date.

   **Unless otherwise ordered by the Court, the rescheduling of the hearing date for a motion does not change the date on which an opposition brief or reply brief is due; any opposition brief remains due not less than 21 days prior to the *originally noticed* hearing date and any reply brief may be filed not less than 14 days prior to the *originally noticed* hearing date.**

9. **UNTIMELY AND IMPROPER FILINGS:** Any document sought to be filed with the Court after the required time, or in an improper manner or form, shall not be considered by the Court. Any attorney in violation of such requirements will be subject to other sanctions pursuant to Civil Local Rule 1-4.

10. **DISCOVERY:** All discovery matters shall be referred to a United States Magistrate Judge for the specific purpose of hearing all discovery disputes, unless otherwise ordered by the court. The words **DISCOVERY MATTER** shall appear in the caption of all documents relating to discovery to insure proper routing. Counsel are directed to contact the clerk for the assigned Magistrate Judge to schedule matters for hearing.

    The decision of the Magistrate Judge shall be final and binding, subject to modification by the District Court only where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law.

11. **CRIMINAL PLEAS:** Prior to a plea being entered in a criminal case, an Application for Permission to Enter Plea of Guilty must be completed. A copy of the plea agreement must be delivered to chambers **by 12:00 p.m.** the day prior to the entry of plea.

12. **COMMUNICATION WITH CHAMBERS:** Counsel shall not attempt to make contact by telephone or any other *ex parte* means with the Court or its chambers staff, but may contact the Courtroom Deputy at **(415) 522-2123** with appropriate inquiries. Counsel should list their facsimile transmission numbers along with their telephone numbers on their papers to facilitate communication with the Courtroom Deputy.

13. **NOTICE OF THIS ORDER:** Counsel for plaintiff, or plaintiff, if appearing on his or her own behalf, is responsible for promptly serving notice of these requirements upon defendant's counsel. If the action came to the Court via a noticed removal, this burden falls to the removing defendant.

**IT IS SO ORDERED.**

Dated: 9/21/2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

Revised: 9/07

**JUDGE MARTIN J. JENKINS**
Courtroom 11, 19th Floor

Monica Narcisse, Courtroom Deputy
(415) 522-2123

## STANDING ORDER FOR CASES INVOLVING
## SEALED OR CONFIDENTIAL DOCUMENTS

In addition to conforming to the local rules and any other applicable rules, all stipulated protective orders must conform the following requirements:

Proposed Protective Orders

1.      The court will not approve a broad protective order that essentially gives each party carte blanche to decide which portions of the record will be sealed and, therefore, not made part of the public record. See Civ. L. R. 79-5; Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943 (7th Cir. 1999). Fed. R. Civ. Pro. 26(c) as well as the local rules require the court to determine whether good cause exists to seal any portion of the record. Therefore, all proposed protective orders submitted for court approval which contain provisions for filing documents under seal, must also provide a procedure for obtaining the sealing order that complies with Civ. L. R. 79-5.

Requests to File Documents Under Seal

2.      Parties are reminded that court proceedings are presumptively public, and no document shall be filed under seal without request for a court order that is narrowly tailored to cover only the document, the particular portion of the document, or category of documents for which good cause exists for filing under seal. To that end, if a party wishes to file a document under seal, that party shall first file a written request for a sealing order setting forth the good cause and accompanied by a proposed order that is narrowly tailored as specified above.

3.      However, if the sole ground for the sealing order is that the opposing party (or non-party) has designated the document as confidential, the opposing party (or non-party) shall file a declaration establishing good cause for the sealing along with a proposed order, or shall withdraw the designation. The declaration shall be filed within five days of service on the opposing party (or non-party) of the request for a sealing order. If the declaration is not filed as required, the court may order that the document be filed in the public record.

Use of Sealed Documents in Motion Papers

4.      The court cautions parties that documents designated as confidential that are attached as exhibits to case-dispositive motions, or redacted portions of case-

dispositive briefs that contain confidential information, must meet the high "compelling reasons" threshold. See Kamakana v. City of Honolulu, 447 F.3d 1172 (9th Cir. 2006). A good cause showing, without more, will not satisfy a compelling reasons test, but will only suffice to maintain the confidentiality of documents attached to *non-dispositive* motions. Documents designated as confidential in conjunction with case-dispositive motions and/or briefs that do not satisfy the compelling reasons test may accordingly be re-designated as public information upon proper request. See Foltz v. State Farm Mut. Automobile Ins. Co., 331 F.3d 1122 (9th Cir. 2003).

Use of Sealed or Confidential Documents at Trial

     5.    Notwithstanding any provision of a protective order to the contrary, any document, whether previously designated confidential or previously sealed, will be unsealed and/or will lose its confidential status if offered as an exhibit at trial, absent a showing of the "most compelling" reasons. See Manual for Complex Litigation § 21.432; Foltz, 331 F.3d at 1135-36. Any party believing that a document, portions thereof, or witness testimony should remain confidential or sealed during trial must request in advance of trial that the court take extraordinary measures, such as closing the courtroom to the public or sealing the trial transcript, to protect the confidentiality of that information. The request must be made in writing and filed no later than the date on which pretrial papers are due.

     If previously sealed documents are ordered unsealed for use at trial, counsel for the party offering the document as evidence shall within two business days of the conclusion of the trial identify which entries on the docket represent the exhibits actually received. Counsel are required to cooperate with the deputy clerk in order to complete the unsealing process in cases involving voluminous sealed documents.

STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.  **Settlement and ADR**: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.  **Consent to Magistrate Judge For All Purposes**: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.  **Other References**: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.  **Narrowing of Issues**: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.  **Expedited Schedule**: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.  **Scheduling**: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.  **Trial**: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.  **Disclosure of Non-party Interested Entities or Persons**: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.  Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.